# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| LUPITA DELAROSA, )<br>      Plaintiff, )<br> )<br>      v. )<br> )<br>SPEEDWAY LLC, )<br>      Defendant. ) | Cause No.: 2:11-CV-476-PRC |

## OPINION AND ORDER

This matter is before the Court on Defendant Speedway LLC's Motion to Exclude Expert Testimony [DE 15], filed by Speedway LLC on July 16, 2013. Speedway seeks not only to exclude the testimony of Plaintiff's expert, Scott R. Leopold, but also its own expert, Larry G. Goodwin.

### I. Procedural History

Plaintiff Lupita Delarosa filed this lawsuit against Defendant Speedway LLC on November 11, 2011, in the Lake County, Indiana Circuit Court, alleging negligence. On December 6, 2011, Speedway filed an Answer along with Affirmative Defenses. Speedway then filed a Notice of Removal to this Court on December 13, 2011.

Speedway filed the instant Motion to Exclude Expert Testimony and a brief in support on July 16, 2013. Delarosa filed a response on July 30, 2013; Speedway filed a reply on August 6, 2013.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## II. Factual Background[1]

On December 29, 2009, Lupita Delarosa and her daughter Lisa Marie pulled into the Speedway convenience store at 3990 West 81st Avenue in Merrillville, Indiana. After they parked, Delarosa got out of the car and began walking toward the store. She stepped up onto the sidewalk and followed it around toward the main entrance. On her way, she brushed up against a large metal crate holding propane gas tanks that was sitting on the sidewalk against the building. She then stepped off the sidewalk and fell, injuring herself.

## III. Discussion

The sole issue here is whether allowing these two experts to testify will be helpful to a jury deciding this case. The admissibility of expert testimony is governed by Federal Rule of Evidence 702 and the standards set forth by the United States Supreme Court in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). *See Ervin v. Johnson & Johnson, Inc.*, 492 F.3d 901, 904 (7th Cir. 2007). Rule 702 provides that courts should admit expert testimony if

> (a) *the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue*;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702 (emphasis added). Speedway's only contention is that the subjects of the expert testimony—sidewalks, crates holding propane gas tanks, convenience stores, etc.—are all so much within the ken of the average juror that allowing expert testimony about those issues will only waste time and add confusion.[2] *See United States v. Hall*, 93 F.3d 1337, 1343 (7th Cir. 1996) ("Unless the

---

[1] The alleged facts are taken from Plaintiff's Complaint and the report of Plaintiff's expert witness.

[2] Though Speedway mentions Goodwin's criticisms of Leopold's qualifications and methods of analysis, it never seeks to exclude any testimony on those grounds.

expertise adds something, the expert at best is offering a gratuitous opinion, and at worst is exerting undue influence on the jury that would be subject to control under [Federal Rule of Evidence] 403."); *Amakua Dev. LLC v. Warner*, No. 05 C 3082, 2007 WL 2028186, at *6 (N.D. Ill. July 10, 2007) ("Expert testimony does not assist the trier of fact when the jury is able to evaluate the same evidence and is capable of drawing its own conclusions without the introduction of a proffered expert's testimony." (citing *Taylor v. Illinois Cent. R.R. Co.*, 8 F.3d 584, 586 (7th Cir. 1993))). Thus, Speedway argues, the testimony of both experts fails part (a) of Rule 702 and should be excluded.

At first blush, Speedway's argument seems plausible. Gas stations, sidewalks, and crates of propane tanks are commonplace to the average juror. But in our heavily regulated society, even the most mundane things—the appropriate height of sidewalks, for example—can conceal much that is technical and arcane. Indeed, that both experts vehemently disagree about the applicable ordinances and industry customs shows as much.

Moreover, expert testimony can still be "helpful and relevant" (and thus admissible) even if it "to a greater or lesser degree, cover[s] matters that are within the average juror's comprehension." *Hall*, 93 F.3d at 1342 (citing Weinstein's Evidence, para. 702[02] at 702–20 to 702–21 (1996); Michael H. Graham, Federal Practice and Procedure—Evidence, § 6644 at 265–66 (Interim ed. 1992)). Expert testimony must simply "assist the jury in determining *any* fact at issue in the case,"
*Smith v. Ford Motor Co.*, 215 F.3d 713, 721 (7th Cir. 2000), and reveal something more than "what is obvious to the lay person," *Dhillon v. Crown Controls Corp.*, 269 F.3d 865, 871 (7th Cir. 2001) (quoting *Ancho v. Pentek Corp.*, 157 F.3d 512, 519 (7th Cir. 1998) (internal quotation marks omitted)).

3

The ultimate result of this case will turn, in part at least, on whether Speedway was negligent in allowing the portion of sidewalk where Delarosa was injured to exist in the state it did. Whether Speedway was complying with local laws and standard industry practice is an important factor for the jury to consider in making that decision. The testimony of Leopold and Goodwin about those standards is thus relevant. And since such laws and practices are not the sort of things average jurors know much about, the testimony will be helpful. The expert testimony thus satisfies Rule 702(a).

### IV. Conclusion

For these reasons, the Court hereby **DENIES** Defendant Speedway LLC's Motion to Exclude Expert Testimony [DE 15].

So ORDERED this 3rd day of September, 2013.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: All counsel of record