UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| LUPITA DELAROSA, )<br>      Plaintiff, )<br>)<br>v. )<br>)<br>SPEEDWAY LLC., )<br>      Defendant. ) | Cause No.: 2:11-CV-476-PRC |

**OPINION AND ORDER**

This matter is before the Court on the Plaintiff's Motion in Limine [DE 21] filed with the Court September 10, 2013, by Plaintiff Lupita Delorasa, by counsel. On September 25, 2013, Defendant Speedway LLC, by counsel, filed its Defendant's Response In Opposition To Plaintiff's Motion in Limine [DE 30]. No replies were permitted.

In determination of these issues the Court **FINDS**, **ORDERS**, **ADJUDGES**, and **DECREES**:

Federal Rule of Evidence 104 provides, in part: "Preliminary questions concerning . . . admissibility of evidence shall be determined by the Court." Motions in Limine to exclude evidence prior to trial are subject to a rigorous standard of review. Courts may bar evidence in limine "only when evidence is clearly inadmissible on all potential grounds." *Dartey v. Ford Motor Co.*, 104 F. Supp. 2d 1017, 1020 (N.D. Ind. 2000) (quoting *Hawthorne Partners v. AT&T Tech.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993)). If evidence does not meet this standard, "the evidentiary rulings should be deferred until trial so that questions of foundation, relevance and potential prejudice may be resolved in proper context." *Id.* (quoting *Hawthorne*, 831 F. Supp. at 1400).

In this Order the Court is not making final determination on the admissibility of any

evidence. The Court reserves the right to change these rulings during the trial should the Court find that the evidence or arguments at trial justify such change.

      1.      Evidence that Plaintiff Lupita Delarosa hired counsel to represent her in this case.

RULING:      The Plaintiff's Motion In Limine is **GRANTED** in this regard to the extent it goes to portray her as a litigious or greedy person.

      2.      Plaintiff Lupita Delorasa's attorney-client communications.

RULING:      The Plaintiff's Motion In Limine is **GRANTED** in this regard.

      3.      Evidence relating to settlement negotiations.

RULING:      The Plaintiff's Motion In Limine is **GRANTED** in this regard.

      4.      Evidence relating to lack of prior similar falls or accidents at that place on the premises of Defendant Speedway LLC

RULING:      The Plaintiff's Motion In Limine is **DENIED** in that regard. Such evidence is relevant and generally admissible on the issue of foreseeability by the premises owner.

      5.      Evidence of insurance coverage on, or insurance payments to, Plaintiff Lupita Delorasa.

RULING:      The Plaintiff's Motion In Limine is **GRANTED** in this regard.

Wherefore, the Plaintiff's Motion In Limine [DE 21] is **GRANTED** in part and **DENIED** in part.

SO ORDERED this 26th day of September, 2013.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: All counsel of record